RECORD IMPOUNDED

 NOT FOR PUBLICATION WITHOUT THE
 APPROVAL OF THE APPELLATE DIVISION
 This opinion shall not "constitute precedent or be binding upon any court."
 Although it is posted on the internet, this opinion is binding only on the
 parties in the case and its use in other cases is limited. R.1:36-3.

 SUPERIOR COURT OF NEW JERSEY
 APPELLATE DIVISION
 DOCKET NO. A-3840-15T3

NEW JERSEY DEPARTMENT OF
CHILDREN AND FAMILIES,

 Respondent,

v.

J.S.

 Appellant.
_____________________________

 Submitted September 14, 2017 – Decided October 4, 2017

 Before Judges Currier and Geiger.

 On appeal from the New Jersey Department of
 Children and Families, Case Id. No. 16238045.

 Williams Law Group, LLC, attorney for
 appellant (Allison C. Williams, of counsel and
 on the brief; Victoria D. Miranda, on the
 brief).

 Christopher S. Porrino, Attorney General,
 attorney for respondent (Andrea M. Silkowitz,
 Assistant Attorney General, of counsel; Joann
 M. Corsetto, Deputy Attorney General, on the
 brief).

PER CURIAM

 Appellant J.S. was accused by his wife G.S. of physically

abusing their eleven-year-old daughter B.S. by pushing her down
the stairs.1 The police referred the child abuse allegation to

the New Jersey Department of Children and Families, Division of

Child Protection and Permanency (Division), which investigated and

concluded that the alleged abuse was "not established." As a

result, the Division did not file any proceedings or take any

action. Pursuant to its regulations, however, the Division's "not

established" finding and its investigation record are permanently

maintained in the Division's confidential records and not subject

to expungement. The regulations further provide that there is no

right to an administrative appeal from a "not established" finding.

 Appellant contends that he was falsely accused and that his

right to due process has been denied because he was not afforded

an adversarial hearing to confront his accusers and present his

own evidence to clear his name. We disagree and affirm.

 I.

 We glean the following facts from the record. Husband J.S.

and wife G.S. were experiencing marital difficulties. They have

seven children, ranging in age from five to seventeen years old.

 On November 22, 2015, G.S. filed a complaint against her

husband pursuant to the New Jersey Prevention of Domestic Violence

Act, N.J.S.A. 2C:25-17 to -35. During their investigation of the

1
 We refer to appellant and his family members by initials to
protect their identity.

 2 A-3840-15T3
domestic violence call, G.S. told the police that on November 14,

2015, J.S. pushed their eleven-year–old daughter B.S. down the

stairs, causing injury to her left knee, and that a four-year-old

neighbor witnessed the incident.2 G.S. had her daughter's knee

examined by a pediatrician the next day; her knee had still not

healed eight days later. The police referred the abuse allegation

to the Division, which investigated the incident.

 The Division's investigation revealed ongoing marital

disputes between J.S. and G.S. G.S. stated that J.S. had anger

issues and was emotionally abusive. G.S. further recounted

multiple incidents, including that J.S. had previously thrown

their 16-year-old daughter into a wall, walked in on her while she

was showering, and tore their children's shirts while dragging

them up the stairs of their home. G.S. alleged that their sixteen-

year-old daughter was living with friends because she refused to

come home while her father was present. G.S. also reported that

J.S. was prescribed an unknown psychiatric medication.

 Caseworkers had no concerns with the state of the home or the

children. B.S. reported she was fearful of her father when he is

2
 A domestic violence temporary restraining order was issued
against J.S., but G.S. later voluntarily dismissed it when they
entered into a civil restraining order, which restricted his access
to the marital home and limited his parenting time to supervised
visits.

 3 A-3840-15T3
in a bad mood, which she said was often. Both B.S. and her

brothers corroborated that J.S. had pushed or thrown B.S. during

the incident. J.S. denied pushing his daughter down the stairs,

claiming she fell because she lost her footing.

 J.S. raises the following points on appeal: (1) the scope of

review; (2) the Division's finding of "not established" should be

deemed arbitrary, capricious, and unreasonable because the record

is insufficient to find the children were harmed or placed at risk

of harm; and (3) his right to due process was violated when the

Division deprived him of the right to challenge the investigatory

finding through the administrative process.

 II.

 Under the Division's revised regulations, there are four

possible outcomes of an abuse and neglect investigation: (1)

substantiated; (2) established; (3) not established; and (4)

unfounded. N.J.A.C. 3A:10-7.3(c). Those findings are defined

as follows:

 (c) For each allegation, the Department
 representative shall make a finding that an
 allegation is "substantiated," "established,"
 "not established," or "unfounded."

 1. An allegation shall be
 "substantiated" if the
 preponderance of the evidence
 indicates that a child is an "abused
 or neglected child" as defined in
 N.J.S.A. 9:6-8.21 and either the

 4 A-3840-15T3
 investigation indicates the
 existence of any of the
 circumstances in N.J.A.C. 3A:10-7.4
 or substantiation is warranted
 based on consideration of the
 aggravating and mitigating factors
 listed in N.J.A.C. 3A:10-7.5.

 2. An allegation shall be
 "established" if the preponderance
 of the evidence indicates that a
 child is an "abused or neglected
 child" as defined in N.J.S.A. 9:6-
 8.21, but the act or acts committed
 or omitted do not warrant a finding
 of "substantiated" as defined in
 (c)1 above.

 3. An allegation shall be "not
 established" if there is not a
 preponderance of the evidence that
 a child is an abused or neglected
 child as defined in N.J.S.A. 9:6-
 8.21, but evidence indicates that
 the child was harmed or was placed
 at risk of harm.

 4. An allegation shall be
 "unfounded" if there is not a
 preponderance of the evidence
 indicating that a child is an abused
 or neglected child as defined in
 N.J.S.A. 9:6-8.21, and the evidence
 indicates that a child was not
 harmed or placed at risk of harm.

(d) A finding of either established or
substantiated shall constitute a
determination by the Department that a child
is an abused or neglected child pursuant to
N.J.S.A. 9:6-8.21. A finding of either not
established or unfounded shall constitute a
determination by the Department that a child
is not an abused or neglected child pursuant
to N.J.S.A. 9:6-8.21.

 5 A-3840-15T3
 [N.J.A.C. 3A:10-7.3(c)-(d).]

 The Division's investigation produced evidence indicating

that the children were harmed or placed at risk of harm by J.S.'s

conduct. The Division concluded, however, that the allegations

of abuse were "not established" because a preponderance of the

evidence gathered during its investigation did not support a

finding that J.S. abused or neglected the children as defined by

N.J.S.A. 9:6-8.21. See ibid.

 In order to find the allegations "unfounded," the evidence

must "indicate[] that a child was not harmed or placed at risk of

harm." N.J.A.C. 3A:10-7.3(c)(4). The Division reasonably

concluded that such a finding would be inappropriate here.

 Under the regulations, a finding of "substantiated" allows

the alleged abuser to demand a hearing. While the regulations do

not provide for a hearing if the finding is "established," we

recently held that "when the Division finds parental conduct

establishes abuse or neglect of a child, subjecting the individual

to the ramifications of disclosure set forth in various identified

statutes, a party who seeks to challenge that finding shall be

entitled to an administrative hearing." N.J. Div. of Child Prot.

& Permanency v. V.E., 448 N.J. Super. 374, 402 (App. Div. 2017).

The holding was based on the "lengthy list of institutions,

 6 A-3840-15T3
governmental entities, and persons to whom the Division may release

information contained in the registry regarding any finding of

abuse or neglect [a]s set forth in N.J.S.A. 9:6-8.10a(b)(1) to

(23), -8.10a(c) to (g)." Id. at 392.

 A finding of "not established" does not entitle a party to a

hearing, see N.J.A.C. 3A:5-4.3(a)(2), but is deemed a final agency

decision appealable as of right to the Appellate Division. R.

2:2-3(a)(2). "A finding by [the Department] that child abuse

charges have not been substantiated, but that there is some

indication a child was harmed or placed at risk of harm, is purely

investigatory in nature . . . with none of the procedural

protections of an adjudicatory proceeding." In re R.P., 333 N.J.

Super. 105, 117 (App. Div. 2000) (citation omitted); see also

Dep't of Children & Families v. D.B., 443 N.J. Super. 431, 443-44

(App. Div. 2015).

 N.J.A.C. 3A:10-8.1(b) requires the Division to "retain each

record which contains a substantiated, established, or not

established report." Only records relating to an unfounded finding

are required to be expunged in their entirety, unless an exception

applies under N.J.A.C. 3A:10-8.3. N.J.A.C. 3A:10-8.1(a).

Although retained, the "not established" finding remains a

confidential record. N.J.S.A. 9:6-8.10a.

 7 A-3840-15T3
 Expungement of the records and finding would leave

caseworkers without historical reference in the event that any of

J.S.'s children or someone else in his care are subjected to abuse

or risk of harm in the future. The Division contends that the

information obtained during the current investigation would be

crucial to properly assessing the family and determining needs in

the event it receives a referral in the future.

 III.

 We first address appellant's challenge to the Division's "not

established" finding. "The scope of appellate review of a final

agency decision is limited[.]" In re Carter, 191 N.J. 474, 482

(2007). "An administrative agency's final quasi-judicial decision

will be sustained unless there is a clear showing that it is

arbitrary, capricious, or unreasonable, or that it lacks fair

support in the record." In re Herrmann, 192 N.J. 19, 27-28 (2007)

(citing Campbell v. Dep't of Civil Serv., 39 N.J. 556, 562 (1963)).

The party challenging the administrative action bears the burden

of showing the agency's action was arbitrary, capricious or

unreasonable. Barone v. Dep't of Human Servs., Div. of Med. Asst.

& Health Servs., 210 N.J. Super. 276, 285 (App. Div. 1986), aff'd

107 N.J. 355 (1987).

 Our appellate review involves three channels of inquiry:

 8 A-3840-15T3
 (1) whether the agency's action violates
 express or implied legislative policies, that
 is, did the agency follow the law; (2) whether
 the record contains substantial evidence to
 support the findings on which the agency based
 its action; and (3) whether in applying the
 legislative policies to the facts, the agency
 clearly erred in reaching a conclusion that
 could not reasonably have been made on a
 showing of the relevant factors.

 [Herrmann, supra, 192 N.J. at 28 (quoting
 Mazza v. Bd. of Trs., 143 N.J. 22, 25 (1995)).]

 "An agency's exercise of its statutorily delegated

responsibilities is entitled to a strong presumption of

reasonableness and our court will generally defer to that agency's

expertise and superior knowledge in the field." D.B., supra, 443

N.J. Super. at 440.

 J.S. contends that the "not established" finding should be

vacated and changed to "unfounded" because it is not supported by

sufficient evidence. We disagree. The Division's investigation

revealed evidence of physical abuse, including corroboration of

the allegations by the victims and several witnesses, and by

visible injury to B.S.'s knee. The "not established" finding is

supported by substantial evidence in the record, and is neither

arbitrary, capricious, nor unreasonable. J.S's claim that the

"not established" finding should be vacated and changed to

"unfounded" lacks merit.

 9 A-3840-15T3
 IV.

 We next consider appellant's challenges to N.J.A.C. 3A:10-

7(c)(3). Appellant argues that N.J.A.C. 3A:10-7(c)(3) vests too

much discretion in Division caseworkers because it lacks a clear

legal standard. He further claims that the regulation authorizes

Division caseworkers to engage in a completely subjective

analysis, allowing them to render a "not established" finding

based upon minimal evidence.

 The Division counters that the regulation was duly

promulgated in accordance with N.J.S.A. 9:3A-7(g), N.J.S.A. 9:6-

8.15, and N.J.S.A. 9:6-8.72, and that it represents an appropriate

exercise of agency authority. The Division denies that the record

contains false and prejudicial information and asserts that it is

properly retained pursuant to the enabling statutes.

 Initially, we observe that the regulation falls within the

scope of the Division's "implementing and enforcing

responsibility" and, therefore, its interpretation "is ordinarily

entitled to our deference." Wnuck v. N.J. D.M.V., 337 N.J. Super.

52, 56 (App. Div. 2001) (quoting In re Appeal by Progressive Cas.

Ins. Co., 307 N.J. Super. 93, 102 (App. Div. 1997)). We are not,

however, "bound by the agency's legal opinions." Levine v. N.J.

D.M.V., 338 N.J. Super. 28, 32 (App. Div. 2001) (citing G.S. v.

Dept. of Human Servs., Div. of Youth & Family, 64 N.J. 161, 170

 10 A-3840-15T3
(1999); Mayflower Sec. Co. v. Bureau of Sec., 64 N.J. 85, 93

(1973)).

 We note further that the regulation does not grant caseworkers

unbridled discretion that is untethered to a defined legal

standard. On the contrary, there are two components to a finding

of "not established." First, the caseworker must determine the

child is not "an abused or neglected child as defined in N.J.S.A.

9:6-8.21." N.J.A.C. 3A:10-7.3(c)(3). Second, the evidence must

indicate that a child "was harmed or was placed at risk of harm."

Ibid. While a finding that "some evidence" exists is not an

exacting standard, the case law provides adequate guidance as to

what constitutes harm or the risk of harm. See, e.g., Dep't of

Child. & Fam., Div. of Child Prot. and Permanency v. E.D.-O., 223

N.J. 166, 179 (2015).

 J.S. also argues that the investigation records should be

destroyed when a "not established" finding is reached. We

disagree. "As the case law clearly states, the interest of

retaining information about alleged claims of abuse, where some

cause for concern is demonstrated, is within the mandate given to

the Department to protect children from abuse." D.B., supra, 443

N.J. Super. at 444. Only records retained for "substantiated"

allegations are made public. Ibid. Thus J.S. has "a lesser due

 11 A-3840-15T3
process right in regard to information kept for the use of the

agency and entities involved in the protection of children." Ibid.

 The confidential retention of the investigation records and

"not established" finding appropriately addresses the Division's

need to access that information in the event of future referrals

involving the same alleged abuser.

 V.

 Finally, we consider whether J.S. is entitled to a hearing

to contest the "not established" finding. J.S. contends the

finding casts the target under suspicion, and prompts the Division

to permanently retain the record for future reliance and use even

if the evidence is limited. He asserts it "is fundamentally

unfair" to allow the Division to rely, in future matters, upon

evidence that might not survive judicial scrutiny. However, J.S.

has the right of direct appeal, as he has exercised here. See id.

at 442 ("When administrative review is not available, such

findings are a final decision appealable as of right to the

Appellate Division.") (citing R. 2:2-3(a)(2)).

 Although a person's interest in protecting his reputation

from governmental actions triggers the right to due process, due

process is not a fixed concept. Doe v. Poritz, 142 N.J. 1, 105-

06 (1995). Instead, "due process is flexible and calls for such

procedural protections as the particular situation demands."

 12 A-3840-15T3
Morrissey v. Brewer, 408 U.S. 471, 481, 92 S. Ct. 2593, 2600, 33

L. Ed. 2d 484, 494 (1972). "Thus, even if a person has a

constitutionally protected interest, it does not automatically

follow that the person must be afforded an opportunity for an

adjudicatory hearing." R.P., supra, 333 N.J. Super. at 113.

 "It is now firmly established that the 'due process'

requirements which govern the proceedings of an agency that makes

binding legal determinations directly affecting legal rights do

not apply to agency proceedings which are purely investigatory in

nature." In re Allegations of Physical Abuse at Blackacre Acad.

on 2/10/93, 304 N.J. Super. 168, 182 (App. Div. 1997); see also

Hannah v. Larche, 363 U.S. 420, 442, 80 S. Ct. 1502, 1514-15, 4

L. Ed. 2d 1307, 1321 (1960) ("when governmental action does not

partake of an adjudication, as, for example, when a general fact-

finding investigation is being conducted, it is not necessary that

the full panoply of judicial procedures be used").

 We have previously considered the issue of whether due process

requires that a party be permitted an administrative appeal from

a finding of "not established," or, under the prior regulation,

"not substantiated." See D.B., supra, 443 N.J. Super. at 443. We

have consistently concluded that "[a] finding by [the Division]

that child abuse charges have not been substantiated, but that

there is some indication a child was harmed or placed at risk of

 13 A-3840-15T3
harm, is purely investigatory in nature, with none of the

procedural protections of an adjudicatory proceeding." N.J. Dep't

of Children & Families, Inst'l Abuse Investigation Unit v. S.P.,

402 N.J. Super. 255, 270 (App. Div. 2008) (emphasis added); see

also, D.B., supra, 443 N.J. Super. at 443-44; R.P., supra, 333

N.J. Super. at 117.

 The interest J.S. claims gives rise to the right to a hearing

is his interest against the Division's retention of the records

and their possible use in the investigation of a future referral.

In D.B., we rejected the argument "that N.J.A.C. 10:129-8.1 [now

N.J.A.C. 3A:10-8.1], which allows the [Division] to retain

unproven accusations forever, is a violation of N.J.S.A. 9:6-

8.40a." D.B., supra, 443 N.J. Super. at 444.

 Our decision in V.E., finding that a party against whom an

"established" finding has been made is entitled to an

administrative hearing, does not compel a different conclusion.

V.E., supra, 448 N.J. Super. at 402. The defendant in V.E. argued

that because an "established" finding made her subject to the same

adverse consequences of disclosure suffered by persons after a

"substantiated" finding is made, due process required that she be

afforded the right to contest the determination in an adjudicatory

hearing. Id. at 390. We reasoned:

 14 A-3840-15T3
 [A]n established finding is a conclusion abuse
 or neglect occurred . . . . Disclosure of an
 established finding is authorized by N.J.S.A.
 9:6-8.10a(b) and other statutes, imposing upon
 the rights of a perpetrator. Thus, the result
 of an established finding is "significant" and
 is accompanied by "longstanding adverse
 consequences," which, in part, match the
 effects attached to a substantiated finding.

 [Id. at 395-96 (citations omitted).]

 We concluded that, on the record before us, "necessary

procedural safeguards must be employed to allow [the defendant]

the right to challenge disputed adjudicative facts." Id. at 401.

In reaching that conclusion, we explicitly distinguished D.B.,

observing that "significant ramifications of disclosure are

attached to an established finding." Id. at 397.

 J.S. has not argued there are disclosure ramifications to the

"not established" finding that imperil any claimed right. The

administrative proceeding was purely investigatory in nature, and

the records retained "shall be kept confidential and may be

disclosed only under circumstances expressly authorized by

subsections b., c., d., e., f., and g." of N.J.S.A. 9:6-8.10a.

N.J.S.A. 9:6-8.10a(a). Even if, as J.S. contends, there is

erroneous information contained in those records, the

circumstances here do not provide a basis for an administrative

appeal. Pursuant to N.J.A.C. 3A:10-7.5(a)(6), only instances of

past abuse or neglect can be used as an aggravating factor to

 15 A-3840-15T3
support a finding of abuse or neglect in the future. Further, in

the event that a substantiated finding of abuse or neglect is made

in the future, J.S. may challenge the factual basis for that

finding in an evidentiary hearing. N.J. Div. of Youth & Family

Servs. v. M.R., 314 N.J. Super. 390, 403-04 (App. Div. 1998). For

these reasons, J.S. was not entitled to an adversarial hearing to

contest the facts underlying the "not established" finding.

 The remaining issues lack sufficient merit to warrant

discussion in a written opinion. R. 2:11-3(e)(1)(E).

 Affirmed.

 16 A-3840-15T3