**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2061-16T4

IN THE MATTER OF
ROBERTO LOPEZ, JR.,
CITY OF CAMDEN.

_____

Argued November 9, 2018 – Decided November 27, 2018

Before Judges Simonelli, Whipple and DeAlmeida.

On appeal from the New Jersey Civil Service Commission, Docket No. 2015-3244.

Arthur J. Murray argued the cause for appellant Roberto Lopez, Jr. (Alterman and Associates, LLC, attorneys; Stuart J. Alterman, of counsel and on the brief).

Michael J. Watson argued the cause for respondent City of Camden (Brown & Connery, LLP, attorneys; Ilene M. Lampitt, Assistant City Attorney, City of Camden, on the brief).

Pamela N. Ullman, Deputy Attorney General, argued the cause for respondent Civil Service Commission (Gurbir S. Grewal, Attorney General, attorney; Melissa Dutton Schaffer, Assistant Attorney General, of counsel; Pamela N. Ullman, on the brief).

PER CURIAM

Appellant Roberto Lopez, Jr. appeals from the November 30, 2016 final administrative action of the Civil Service Commission (Commission), which denied his request for interim relief and reinstatement to his positon as a firefighter with the City of Camden (City). We affirm.

I.

Lopez began his employment with the City on February 3, 1997. On September 4, 2009, he suffered an injury during his regular and assigned duties that was not caused by any act of willful negligence. On April 1, 2011, he submitted an application for accidental disability retirement to the Police and Firemen's Retirement System (PFRS). In his application, he declared he was incapacitated for further service as a firefighter due to an injury, and stated his effective date of retirement was June 1, 2011. He also acknowledged that changing or canceling his retirement date did not guarantee continued employment with the City. Lopez did not request a leave of absence or any accommodation pending disposition of his application.

Lopez's application for accidental disability retirement included the City Employer Certification for Disability Retirement, which indicated that Lopez's service terminated on April 30, 2011, he received no salary or benefits from the

City thereafter, and there were no other positions available for him, and he resigned in good standing on June 30, 2011. The Commission's records indicated that the City reported Lopez's separation as a resignation in good standing on June 30, 2011.

On April 9, 2012, the PFRS Board of Trustees (Board) denied Lopez's application. The Board found Lopez was not totally and permanently disabled from the performance of his regular and assigned job duties, and not physically or mentally incapacitated from the performance of his usual or other duties the City was willing to offer.

Lopez appealed the Board's decision, and the matter was transferred to the Office of Administrative Law (OAL) for a hearing as a contested case. Following a hearing, in a January 17, 2014 initial decision, an administrative law judge (ALJ) found Lopez was not eligible for accidental or regular disability retirement because he was not permanently and totally disabled from the performance of the duties of a firefighter. On February 10, 2014, the Board adopted the ALJ's initial decision.

On June 30, 2014, Lopez submitted an application to the City requesting reemployment as a firefighter. On his application, he indicated that June 30,

2011 was his "date of resignation." On July 23, 2014, the City denied Lopez's application.

Nearly a year later, on June 15, 2015, Lopez submitted a request to the Commission pursuant to N.J.A.C. 4A:2-1.2 for interim relief and immediate reinstatement as a firefighter. Lopez claimed he did not resign from his position; rather, the City "merely took him off active duty while he pursued his pension application." He also claimed the City terminated him without notice or an opportunity for a hearing, and asked the Commission to consider his request as a "challenge/appeal of his de facto/constructive termination."

In its November 30, 2016 final administrative action, the Commission first concluded the request for interim relief was procedurally deficient under N.J.A.C. 4A:2-1.2(a),[1] as there was no pending appeal in which the Commission could grant interim relief.

The Commission next concluded that even if Lopez had been removed from employment or terminated, his appeal was untimely under N.J.S.A. 11A:2-

---

[1] N.J.A.C. 4A:2-1.2(a) provides: "Upon the filing of an appeal, a party to the appeal may petition the . . . Commission for a stay or other relief pending final decision of the matter."

A-2061-16T4

15,[2] N.J.A.C. 4A:2-1.1(b),[3] and N.J.A.C. 4A:2-2.13(d).[4] The Commission found that Lopez was separated from his employment in June 2011, and did not seek relief from the Commission until June 2015. The Commission further determined that, even affording Lopez the greatest latitude, he knew in July 2014

---

[2] N.J.S.A. 11A:2-15 provides as follows:

> Any appeal from adverse actions specified in [N.J.S.A.] 11A:2-13 and [N.J.S.A.11A:2-6[(a)(4)] shall be made in writing to the Civil Service Commission no later than [twenty] days from receipt of the final written determination of the appointing authority. If the appointing authority fails to provide a written determination, an appeal may be made directly to the Civil Service Commission within reasonable time.

[3] N.J.A.C. 4A:2-1.1(b) provides: "Unless a different time period is stated, an appeal must be filed within [twenty] days after either the appellant has notice or should reasonably have known of the decision, situation, or action being appealed.

[4] N.J.A.C. 4A:2-2.13(d) which provides, in pertinent part:

> The officer or firefighter shall have [twenty] days from the date of receipt of the Final Notice [of Disciplinary Action] to appeal the removal. Receipt of the Final Notice on a different date by the appellant's attorney or negotiations representative shall not affect this appeal period. If the appellant does not receive the Final Notice as required by [N.J.A.C. 4A:2-2.13(c)], he or she shall file an appeal of removal within a reasonable time.

that the City would not reemploy him, but did not file an appeal with the Commission until almost one year later. The Commission determined that Lopez's efforts to obtain an accidental disability retirement and reemployment did not "provide good cause to relax the regulatory time frames, since clearly [Lopez] knew he was not at work beginning in June 2011 and filing an appeal four years later is not within a reasonable time."

The Commission determined that even if Lopez was considered removed from his employment rather than having resigned, his separation would be a disciplinary action under N.J.S.A. 11A:2-13 and N.J.S.A. 11A:2-6(a)(1). Thus, N.J.S.A. 11A:2-15 required him to file an appeal in writing no later than twenty days from receipt of the City's final written determination or within a reasonable time if no determination was received. The Commission concluded: "Again, allowing the latest date of July 2014 for [Lopez] to realize that his separation was permanent, an appeal one year later is not within a reasonable time."

Lastly, the Commission found that, even assuming Lopez timely filed an appeal, the record confirmed he resigned from his position, effective June 30, 2011, and did not file an appeal from that resignation within twenty days, as required by N.J.A.C. 4A:2-1.1. The Commission found the City accepted Lopez's separation as a resignation and was not required to rescind that

6

acceptance and reemploy Lopez.  The Commission concluded it lacked jurisdiction to review Lopez's request for reemployment.

II.

On appeal, Lopez contends the Commission's conclusion that his request was untimely was arbitrary, capricious, and unreasonable.  He argues he had no notice of his termination from employment or an opportunity for a hearing.  He also argues he did not resign when he applied for accidental disability retirement and was unaware of the City's refusal to reemploy him during the pendency of his accidental disability retirement application.[5]

Our role in reviewing an agency's decision is limited.  In re Stallworth, 208 N.J. 182, 194 (2011).  "[A] 'strong presumption of reasonableness attaches to [an agency decision].'"  In re Carroll, 339 N.J. Super. 429, 437 (App. Div. 2001) (quoting In re Vey, 272 N.J. Super. 199, 205 (App. Div. 1993)).  "In order to reverse an agency's judgment, [we] must find the agency's decision to be

---

[5] We decline to address Lopez's additional arguments that post-July 23, 2014 attempts to resolve the issue of reemployment indicated the issue was unresolved and required adjudication as a contested case, and he was entitled to restoration of his employment because the Board found he was not totally and permanently disabled.  Lopez did not raise these issues before the Commission and they are not jurisdictional in nature nor do they substantially implicate the public interest.  See Zaman v. Felton, 219 N.J. 199, 226-27 (2014) (citation omitted).  In any event, the record does not support Lopez's argument that there were post-July 23, 2014 attempts to resolve the issue of reemployment.

A-2061-16T4

'arbitrary, capricious, or unreasonable, or [] not supported by substantial credible evidence in the record as a whole.'" Stallworth, 208 N.J. at 194 (second alteration in original) (quoting Henry v. Rahway State Prison, 81 N.J. 571, 579-80 (1980)); In re Proposed Quest Acad. Charter Sch. of Montclair Founders Grp., 216 N.J. 370, 385 (2013).

As the Court has instructed:

> In determining whether agency action is arbitrary, capricious, or unreasonable, a reviewing court must examine:
>
> (1) whether the agency's action violates express or implied legislative policies, that is, did the agency follow the law; (2) whether the record contains substantial evidence to support the findings on which the agency based its action; and (3) whether in applying the legislative policies to the facts, the agency clearly erred in reaching a conclusion that could not reasonably have been made on a showing of the relevant factors.
>
> [Stallworth, 208 N.J. at 194 (quoting In re Carter, 191 N.J. 474, 482-83 (2007)).]

We "may not substitute [our] own judgment for the agency's, even though [we] might have reached a different result." Ibid. (quoting Carter, 191 N.J. at 483). "This is particularly true when the issue under review is directed to the agency's special 'expertise and superior knowledge of a particular field.'" Id. at 195 (quoting In re Herrmann, 192 N.J. 19, 28 (2007)). Furthermore, "[i]t is

settled that '[a]n administrative agency's interpretation of statutes and regulations within its implementing and enforcing responsibility is ordinarily entitled to our deference.'" E.S v. Div. of Med. Assistance & Health Servs., 412 N.J. Super. 340, 355 (App. Div. 2010) (second alteration in original) (quoting Wnuck v. N.J. Div. of Motor Vehicles, 337 N.J. Super. 52, 56 (App. Div. 2001)). "Nevertheless, 'we are not bound by the agency's legal opinions.'" A.B. v. Div. of Med. Assistance & Health Servs., 407 N.J. Super. 330, 340 (App. Div. 2009) (quoting Levine v. State, Dep't of Transp., 338 N.J. Super. 28, 32 (App. Div. 2001)). "Statutory and regulatory construction is a purely legal issue subject to de novo review." Ibid. (citation omitted).

The burden of proving that an agency action is arbitrary, capricious, or unreasonable is on the challenger. See Bueno v. Bd. of Trs., Teachers' Pension and Annuity Fund, 422 N.J. Super. 227, 234 (App. Div. 2011) (citing McGowan v. N.J. State Parole Bd., 347 N.J. Super. 544, 563 (App. Div. 2002)).

Applying the above standards, we discern no reason to reverse the Commission's decision. On July 23, 2014, Lopez received a final written determination from the City that it would not reemploy him. Assuming this constituted a removal from employment, Lopez had twenty days from that date to file an appeal. See N.J.S.A. 11A:2-15; N.J.A.C. 4A:2-1.1(b); N.J.A.C. 4A:2-

2.13(d). The statutory twenty-day requirement to appeal is mandatory and jurisdictional, and the Commission has no authority to extend the time limit or accept an untimely appeal. Mesghali v. Bayside State Prison, 334 N.J. Super. 617, 621 (App. Div. 2000). Accordingly, the Commission properly dismissed Lopez's request for interim relief as untimely.

The Commission also correctly found that Lopez resigned, effective June 30, 2011, and his appeal from his resignation was untimely under N.J.A.C. 4A:2-1.1. See N.J.A.C. 4A:2-6.1(d) (providing that an employee may appeal his resignation to the Commission under N.J.A.C. 4A:2-1.1). Although Lopez never submitted a formal letter of resignation and the City did not issue a formal confirmation of his resignation, we are satisfied the record as a whole confirms he resigned on June 30, 2011, and the City accepted his resignation.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-2061-16T4