**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-5074-17T3

S.A. AND C.A., on behalf
of minor child, G.A.,

     Petitioners-Appellants,

v.

BOARD OF EDUCATION
OF THE TOWNSHIP OF
MOORESTOWN,
BURLINGTON COUNTY,

     Respondents-Respondents.

_____

Submitted September 11, 2019 – Decided October 15, 2019

Before Judges Koblitz and Whipple.

On appeal from the New Jersey Commissioner of Education, Docket No. 161-6/16.

Craig Anthony Ambrose, attorney for appellants.

Comegno Law Group, PC, attorneys for respondent Board of Education of the Township of Moorestown, Burlington County (John B. Comegno, II and Alexandra Anne Stulpin, on the brief).

Gurbir S. Grewal, Attorney General, attorney for respondent Commissioner of Education (Lauren Amy Jensen, Deputy Attorney General, on the statement in lieu of brief).

PER CURIAM

S.A. and C.A., petitioners, are the parents of G.A.[1]  On her behalf, they appeal the April 23, 2018 Final Decision of the Commissioner of Education (Commissioner) adopting the decision of the Administrative Law Judge (ALJ) finding G.A. was not subject to harassment, intimidation, and bullying (HIB) pursuant to the New Jersey Anti-Bullying Bill of Rights Act, N.J.S.A. 18A:37-13.1 to -32, at her school in Moorestown.  We affirm for the following reasons.

In 2015 to 2016, G.A. was a sixth grade student in the Moorestown School District eligible for special education services because of her Attention Deficit Hyperactivity Disorder (ADHD).  She had an Individualized Education Plan (IEP), and was placed on a team with R.L., a special education teacher.

Petitioners alleged that from September to December 2015, G.A. was repeatedly harassed, intimidated, and bullied by R.L. because she hovered over G.A.'s desk, asked to see her test scores in front of other children, and called attention to her in ways that made G.A. feel embarrassed and uncomfortable.

---

[1]  We use initials throughout this opinion to ensure the privacy of the minor.

Despite frequent requests by petitioners to school officials and to R.L. that she stop, R.L.'s behavior persisted. On December 16, 2015, when R.L. once again asked to see G.A.'s work during class, G.A. responded "no thank you" and asked R.L. if she had spoken with G.A.'s mother. According to petitioners, R.L. then pulled the paper from G.A., threw it on the teacher's desk, and stormed out of the room.

G.A.'s mother, S.A., filed an HIB form with the school, asserting R.L.

> keeps asking [G.A.] to show her work to her and keeps asking [G.A.] to see her scores after several meetings, a telephone conversation and instruction by [G.A.]'s case manager, [B.S.]. She is harassing and embarrassing [G.A.] in the classroom. She is disrupting [G.A.]'s learning experience. She has created a hostile learning environment for [G.A.] which [G.A.] finds … to be extremely frustrating causing her anxiety. Students that are in the class with [G.A.] are aware of these negative interactions, questioning her which add to her anxiety and discomfort in this increasingly hostile learning environment.

On December 18, 2015, G.A.'s case manager and the school principal met with S.A. and agreed G.A. would have a new schedule. On December 22, 2015, the school commenced its investigation of the HIB charge. The following day, the investigators concluded the incident in question was not HIB, and presented their findings to the Board of Education (Board) executive session. The

3

investigation report was sent to petitioners two days later. Petitioners appealed to the Board, and the Board affirmed the finding of no HIB.

Petitioners filed a Petition of Appeal to the Commissioner challenging the Board's determination, and the matter was transferred to the Office of Administrative Law. The parties submitted cross-motions for summary judgment. After argument the petitioners were granted leave to file a supplemental certification. The ALJ issued an initial decision granting the Board's motion for summary judgment after determining the alleged conduct failed to meet every element required for a finding of HIB, and could not have been reasonably perceived as having been motivated by G.A.'s disability or other characteristics. The ALJ also found the alleged conduct did not substantially disrupt or interfere with the orderly operation of the school or the rights of G.A. under N.J.S.A. 18A:37-14.

The Commissioner adopted the ALJ's initial decision. This appeal followed.

"[We] have 'a limited role' in the review of [agency] decisions." In re Stallworth, 208 N.J. 182, 194 (2011) (citation omitted). "[A] 'strong presumption of reasonableness attaches to [an agency decision].'" In re Carroll, 339 N.J. Super. 429, 437 (App. Div. 2001) (quoting In re Vey, 272 N.J. Super.

199, 205 (App. Div. 1993)).  "In order to reverse an agency's judgment, [we] must find the agency's decision to be 'arbitrary, capricious, or unreasonable, or [] not supported by substantial credible evidence in the record as a whole.'" Stallworth, 208 N.J. at 194 (quoting Henry v. Rahway State Prison, 81 N.J. 571, 580 (1980)); In re Proposed Quest Acad. Charter Sch. of Montclair Founders Grp., 216 N.J. 370, 385 (2013).

> In determining whether agency action is arbitrary, capricious, or unreasonable, [we] must examine:
>
> > (1) whether the agency's action violates express or implied legislative policies, that is, did the agency follow the law; (2) whether the record contains substantial evidence to support the findings on which the agency based its action; and (3) whether in applying the legislative policies to the facts, the agency clearly erred in reaching a conclusion that could not reasonably have been made on a showing of the relevant factors.
>
> [Stallworth, 208 N.J. at 194 (quoting In re Carter, 191 N.J. 474, 482-83 (2007)).]

We "may not substitute [our] own judgment for the agency's, even though [we] might have reached a different result."  Ibid.  (quoting Carter, 191 N.J. at 483).  "This is particularly true when the issue under review is directed to the agency's special 'expertise and superior knowledge of a particular field.'" Id. at

195 (quoting In re Herrmann, 192 N.J. 19, 28 (2007)). Furthermore, "[i]t is settled that '[a]n administrative agency's interpretation of statutes and regulations within its implementing and enforcing responsibility is ordinarily entitled to our deference.'" E.S v. Div. of Med. Assistance & Health Servs., 412 N.J. Super. 340, 355 (App. Div. 2010) (second alteration in original) (quoting Wnuck v. N.J. Div. of Motor Vehicles, 337 N.J. Super. 52, 56 (App. Div. 2001)). "Nevertheless, 'we are not bound by the agency's legal opinions.'" A.B. v. Div. of Med. Assistance & Health Servs., 407 N.J. Super. 330, 340 (App. Div. 2009) (quoting Levine v. State Dep't of Transp., 338 N.J. Super. 28, 32 (App. Div. 2001)). "Statutory and regulatory construction is a purely legal issue subject to de novo review." Ibid.

The burden of proving that an agency action is arbitrary, capricious, or unreasonable is on the challenger. Bueno v. Bd. of Trs., 422 N.J. Super. 227, 234 (App. Div. 2011) (citing McGowan v. N.J. State Parole Bd., 347 N.J. Super. 544, 563 (App. Div. 2002)).

Here, that burden was not met because the petitioners have not overcome the presumptive validity of the Commissioner's final decision and have not established the determination of the Board was arbitrary, unreasonable or capricious. In reaching this conclusion, it is not our intention to minimize or

downplay the feelings of a child in a classroom. We recognize the imbalance of power a child may legitimately experience in a classroom when she or he is singled out.

However, when we examine the record to find the elements necessary to establish a claim under N.J.S.A. 18A:37-13.1, we do not discern sufficient facts to support a conclusion that any actions by R.L. were motivated by G.A.'s ADHD or other personal characteristics. N.J.S.A. 18A:37-14 states:

> "Harassment, intimidation or bullying" means any gesture, any written, verbal or physical act, or any electronic communication, whether it be a single incident or a series of incidents, that is reasonably perceived as being motivated either by any actual or perceived characteristic, such as race, color, religion, ancestry, national origin, gender, sexual orientation, gender identity and expression, or a mental, physical or sensory disability, or by any other distinguishing characteristic, that takes place on school property, at any school-sponsored function, on a school bus, or off school grounds as provided for in section 16 of P.L.2010, c.122 (C.18A:37-15.3), that substantially disrupts or interferes with the orderly operation of the school or the rights of other students and that:
>
> a. a reasonable person should know, under the circumstances, will have the effect of physically or emotionally harming a student or damaging the student's property, or placing a student in reasonable fear of physical or emotional harm to his person or damage to his property;

b. has the effect of insulting or demeaning any student or group of students; or

c. creates a hostile educational environment for the student by interfering with a student's education or by severely or pervasively causing physical or emotional harm to the student.

Here, R.L. had an obligation as G.A.'s special education teacher to oversee G.A.'s work consistent with the parameters of her IEP, and even if we presume R.L. was insensitive or even unkind, there is no evidence R.L. was prompted by any actual or perceived characteristic, such as race, color, religion, ancestry, national origin, gender, sexual orientation, gender identity and expression, or a mental, physical or sensory disability, or by any other distinguishing characteristic. Moreover, the record does not support the conclusion the alleged conduct substantially disrupted or interfered with the orderly operation of the school or the rights of G.A.

We have carefully reviewed the record regarding all remaining arguments and have determined they are without sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-5074-17T3