**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-5324-18T2

R.M.,

      Petitioner,

v.

SOMERSET COUNTY BOARD
OF SOCIAL SERVICES,

      Respondent.

_____

Submitted November 5, 2020 – Decided  December 4, 2020

Before Judges Fuentes and Firko.

On appeal from the Somerset County Board of Social Services, Docket No. 05296-19.

R.M., appellant pro se.

Gurbir S. Grewal, Attorney General, attorney for respondent (Melissa H. Raksa, Assistant Attorney General, of counsel; James A. McGhee, Deputy Attorney General, on the brief).

PER CURIAM

Petitioner R.M. appeals from the June 27, 2019 final agency decision of respondent Department of Human Services (DHS), Division of Family Development (DFD), which affirmed the decision of respondent Somerset County Board of Social Services (SCBSS) to terminate R.M.'s emergency assistance benefits (EA) in the form of temporary rental assistance (TRA). We affirm.

In November 2018, R.M. began receiving benefits from SCBSS housing assistance, and he signed an EA service plan, which was effective until May 2019. As a condition to receiving benefits, R.M. was required to apply for Section 8 housing and conduct five affordable housing searches every week. By executing the EA service plan, R.M. acknowledged that "failure to participate in any of the activities [he] ha[s]agreed to in this [service plan], including housing/employment searches as required, may affect [his] eligibility for [EA]."

On March 28, 2019, R.M. filed an application for an EA hardship extension because he alleged he lost or was in immediate danger of losing a bona fide offer of employment. The next day, March 29, 2019, R.M. was notified that his EA housing benefits would be terminated as of May 1, 2019, because he failed to comply with his service plan. The SCBSS determined that R.M. was

not in "danger of losing employment" because he was offered another position with his then current employer, Path Stone.

At R.M.'s request, the matter was transferred to the Office of Administrative Law for a hearing as a contested case. R.M. and a social worker from SCBSS testified at the hearing. In his testimony, R.M. admitted that he did not supply the housing search logs. The Administrative Law Judge (ALJ) issued an Initial Decision finding R.M. had not complied with the terms of his service plan to seek permanent housing, and he failed to demonstrate hardship because he was offered a new position at work. The ALJ recommended termination of R.M.'s EA benefits under N.J.A.C. 10:90-6.6 and denial of the extreme hardship extension. On June 27, 2019, DFD issued a Final Agency Decision adopting the ALJ's decision. Thus, R.M. was no longer eligible for EA and was ineligible for an EA extreme hardship extension. This appeal followed.

Our role in reviewing the decision of an administrative agency is limited. In re Stallworth, 208 N.J. 182, 194 (2011). We will reverse an agency's decision if we find it is "'arbitrary, capricious, or unreasonable, or . . . not supported by substantial credible evidence in the record as a whole.'" Ibid. (quoting Henry v. Rahway State Prison, 81 N.J. 571, 579-80 (1980)).

In determining whether agency action is arbitrary, capricious, or unreasonable, we must examine:

> (1) whether the agency's action violates express or implied legislative policies, that is, did the agency follow the law;
>
> (2) whether the record contains substantial evidence to support the findings on which the agency based its action; and
>
> (3) whether in applying the legislative policies to the facts, the agency clearly erred in reaching a conclusion that could not reasonably have been made on a showing of the relevant factors.
>
> [Stallworth, 208 N.J. at 194 (quoting In re Carter, 191 N.J. 474, 482-83 (2007)).]

We "'may not substitute [our] own judgment for the agency's, even though [we] might have reached a different result.'" Ibid. (quoting Carter, 191 N.J. at 483). "This is particularly true when the issue under review is directed to the agency's special 'expertise and superior knowledge of a particular field.'" Id. at 195 (quoting In re Herrmann, 192 N.J. 19, 28 (2007)). Furthermore, "[i]t is settled that '[a]n administrative agency's interpretation of statutes and regulations within its implementing and enforcing responsibility is ordinarily entitled to our deference.'" E.S. v. Div. of Med. Assistance & Health Servs., 412 N.J. Super. 340, 355 (App. Div. 2010) (second alteration in original)

A-5324-18T2

(quoting <u>Wnuck v. N.J. Div. Motor Vehicles</u>, 337 N.J. Super. 52, 56 (App. Div. 2001)).

"Nevertheless, 'we are not bound by the agency's legal opinions.'" <u>A.B. v. Div. of Med. Assistance & Health Servs.</u>, 407 N.J. Super. 330, 340 (App. Div. 2009) (quoting <u>Levine v. State Dep't of Transp.</u>, 338 N.J. Super. 28, 32 (App. Div. 2001)). "Statutory and regulatory construction is a purely legal issue subject to de novo review. <u>Ibid.</u> (citation omitted). Applying these standards, we discern no reason to disturb the Director's decision.

Receipt of EA is limited to a maximum of twelve lifetime months. N.J.S.A. 44:10-51(a); N.J.A.C. 10:90-6.4(a). A six-month extension may be granted in cases of extreme hardship where the recipient has taken "all reasonable steps to resolve the emergent situation but the emergency nonetheless continues or a new emergency occurs, which causes extreme hardship to the family." N.J.A.C. 10:90-6.4(b); <u>see also</u> N.J.S.A. 44:10-51(a)(2). Examples of extreme hardship are: (1) the danger of loss of employment or a bona fide offer of employment by a recipient adult; (2) the recipient adult is in imminent physical danger; (3) the danger of serious harm to persons who are clinically/medically diagnosed as mentally and/or physically incapable of caring for themselves, thereby possibly leading to inpatient hospital care or

institutionalization; or (4) the request for additional EA arises directly out of a substantial loss of shelter, food, clothing, household furnishings and/or essential utilities incurred as a result of a natural disaster. N.J.A.C. 10:90-6.4(b)(1)(i)-(v).

DFD found that R.M. failed to complete the affordable housing searches by March 2019 as required by his service plan, and he was "gainfully employed as of April 10, 2019." Accordingly, R.M. was not entitled to an extreme hardship extension of EA. Therefore, R.M.'s benefits were properly terminated under N.J.A.C. 10:90-6.6.

Because R.M. failed to engage in housing searches as required by his service plan, and since he was not in danger of losing employment, he was no longer entitled to receive EA. He also failed to satisfy the criteria for extreme hardship. We are satisfied that the Director's decision was supported by substantial credible evidence in the record, and it is not arbitrary, capricious, or unreasonable.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-5324-18T2