JENNIE V. TAYLOR, PROSECUTRIX, v. NEW JERSEY REAL ESTATE COMMISSION, RESPONDENT.

Argued May 6, 1947—Decided July 19, 1947.

Before CASE, CHIEF JUSTICE, and Justices PARKER and BURLING.

For the prosecutrix, *Snevily & Ely* (*Addison C. Ely*, of counsel).

For the respondent, *Walter D. Van Riper*, Attorney General, and *Joseph A. Murphy*, Assistant Deputy Attorney General.

The opinion of the court was delivered by

BURLING, J. The writ was issued to review the proceedings taken under "An act to define, regulate and license real estate brokers and salesmen, to create a State Real Estate Commission and to provide penalties for the violation of the provisions hereof" (Chapter 141, Laws of 1921—*R. S.* 45:15–1). The statute authorizes the commission to suspend or revoke a license to engage as a real estate broker or salesman where the licensee is guilty of conduct therein denounced. The commission may, upon its own motion, and shall, upon the verified complaint in writing of any person, investigate the actions of any real estate broker.

Complaint was made by Laura M. Brehm against the prosecutrix, Jennie V. Taylor, alleging violation by her of *R. S.* 45:15–17, especially subdivision (e) which reads as follows:

"e. Any conduct which demonstrates unworthiness, incompetency, bad faith or dishonesty."

*R. S.* 45:15–18 prescribed the procedure to be pursued upon such a complaint.

The commission, after hearing as hereinafter referred to, upon notice and service of a copy of the complaint, deemed the prosecutrix to be guilty of violating subdivision (e).

The conviction was reviewed by Mr. Justice Frederic R. Colie, pursuant to the procedure contained in said *R. S.* 45:15–18. The judgment was affirmed by him.

Objection has been raised by the respondent that the election of remedy for review provided expressly by the Real Estate Sales Regulating Act makes *certiorari* unavailable. Where a court sits as a special statutory tribunal and not in the exercise of its common law jurisdiction, *certiorari* is a proper remedy. *In re Longo* (*Supreme Court,* 1939), 122 *N. J. L.* 108 (at *p.* 109). See, also. *Vanderbeek* v. *Durham,* (*Court of Errors and Appeals,* 1939), 124 *Id.* 37.

The following points are raised by the prosecutrix:

1—the commission exceeded its jurisdiction

2—there was no evidence warranting a finding against the prosecutrix of violation of subdivision (e).

The points are without merit.

*As to Point* 1. It is urged by her that she was not informed of the nature of the charge against her. Within the four corners of the complaint are alleged facts which, if proven, would justify her conviction under subdivision (e). The concluding paragraph of the complaint expressly charged the violation of the subsection of the statute of which she was found guilty.

*As to Point* 2. In this case, the question is whether there was legal evidence to support the fact finding of the respondent below and the summary finding of Mr. Justice Colie who acted in pursuance to statute; and if this court ascertains that there is competent evidence to support such finding of fact, then the judgment of the respondent and of Mr. Justice Colie must be affirmed. We find there was legal evidence to support the finding.

It is to be noted that the statute contemplated a hearing before the commission. The hearing was before two commissioners, less than a majority, the commission being five in number and one of the two commissioners attempted to make a decision. He had no jurisdiction to do so. Further the act in question contains no provisions for the taking of testimony similar to those found in proceedings before the Public Utility Commission, R. S. 48:2–32, and the Department of Taxation and Finance (Division of Tax Appeals), R. S. 54:2–18. By stipulation of the parties, the commission was to render a decision based upon the record made before the two commissioners and accordingly it rendered a unanimous, written and signed decision as heretofore stated, including the findings of fact. No point is made by the prosecutrix in this proceeding of this irregularity but attention is drawn to it so as it may not be implied to be otherwise approved. The recent decision in *McAlpine* v. *Garfield Water Commission* (*Court of Errors and Appeals*, 1947), 135 *N. J. L.* 497, points out the vice of such a practice in the absence of statutory authority.

The writ is dismissed with costs and the stay of execution is vacated. In this respect attention is called to *R. S.* 45:15–17 dealing with the effect of a breach of prescribed conduct. If it was the intention of the commission to suspend the license for a period of four months, it should now be so stated if the stay has resulted in an annual renewal of her license on July 1st, 1947. (*R. S.* 45:15–10.)