123 N.J. Super. 35 (1973)
301 A.2d 456
WILLIAM M. MORGAN, COMPLAINANT-RESPONDENT,
v.
WILLIAM SASLAFF AND DAVID E. FEINSTEIN, RESPONDENTS, AND GEORGE F. ROBERTS, RESPONDENT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued February 6, 1973.
Decided February 27, 1973.
*36 Before Judges KOLOVSKY, MATTHEWS and McGOWAN.
*37 Mr. John A. Yacovelle, Jr. argued the cause for appellant.
Mr. Steven R. Bolson, Deputy Attorney General, argued the cause for respondent New Jersey Real Estate Commission (Mr. George F. Kugler, Jr., Attorney General of New Jersey, attorney; Mr. Stephen Skillman, Assistant Attorney General, of counsel).
PER CURIAM.
Following hearings before the New Jersey Real Estate Commission on charges brought against appellant, a licensed real estate broker of the State of New Jersey, he was found guilty of conduct demonstrating incompetency and unworthiness, in violation of N.J.S.A. 45:15-17. As a result of such finding, his broker's license was ordered suspended for three months. He now appeals, seeking reversal of the Commission's action.
Two grounds are urged by appellant, the first being that the finding of the Commission should be reversed since the finding is not supported by substantial evidence and was insufficient to constitute "incompetence and unworthiness." The second ground urged is that there should be a reversal because the decision of the Commission was rendered by less than a majority of the five members of the Commission.
The second ground urged is without merit. Although only three of the Commissioners out of a total of five heard the matter, two out of the three rendered the judgment. Thus, it is clear that there was a legal quorum present, that is a majority of the total members, and that a majority of that quorum could validly act. This was the rule at common law and still is the rule in this State, absent a pertinent statute otherwise providing, and there is none. Brown v. District of Columbia, 127 U.S. 579, 8 S.Ct. 1314, 32 L.Ed. 262 (1888); Benintendi v. Kenton Hotel, 294 N.Y. 112, 60 N.E.2d 829, 831 (Ct. App. 1945); Florham Park v. Dept. Health of N.J., 7 N.J. *38 Misc. 549, 550 (Sup. Ct. 1929). The cases relied upon by appellant in support of his position to the contrary are not applicable. Taylor v. New Jersey Real Estate Comm'n, 136 N.J.L. 18 (Sup. Ct. 1947) is not in point as the hearing there was held before less than a quorum (two members out of five), and one of the commissioners attempted to decide the case. McAlpine v. Garfield Water Comm'n, 135 N.J.L. 497 (E. & A. 1947); Mackler v. Board of Education, Camden, 16 N.J. 362 (1954), and Asbury Park v. Dept. of Civil Service, 17 N.J. 419 (1955), all deal with the problem of members of the Commission not present at all the hearings wrongly participating in the result. Eisberg v. Ciffside Park, 92 N.J.L. 321 (Sup. Ct. 1919), has to do with the question of whether there was a fair trial when one of the councilmen voting had preferred charges and three others had testified against defendant. No such situation is here present or suggested.
The court is of the opinion that the testimony given by the witness Blatt and respondent Feinstein, if believed by the Commissioners (as it apparently was), constituted sufficient substantial evidence to support the finding of incompetence and unworthiness once the credibility issue had been resolved adversely to defendant.
The scope of review in a case involving appeal from the New Jersey Real Estate Commission is the same as that for other administrative agencies, and where an administrative agency has acted within its authority, "sympathetic sweep" is given to the rule that its actions will generally not be upset unless there is an affirmative showing that its judgment was arbitrary, capricious or unreasonable, East Paterson v. Civil Service Dept. of N.J., 47 N.J. Super. 55, 65 (App. Div. 1957), and the generally accepted gauge of administrative factual finality is whether the finding is supported by substantial evidence, In re Larson, 17 N.J. Super. 564, 576 (App. Div. 1952); Maple Hill Farms, Inc. v. Div. of N.J. Real Estate Comm'n, 67 N.J. Super. 223, 226-227 (App. Div. 1961). See also Zachariae *39 v. N.J. Real Estate Comm'n, 53 N.J. Super., 60, 62 (App. Div. 1958).
In making its determination, a crucial question before the Commission was, of course the credibility of appellant. The basic issue in that determination was whether appellant knew of the existence of the second contract providing for the payment of $120,000, which was executed between the straw man and the ultimate purchaser, and if he did, whether or not there was a duty to disclose this to his principal, the original owner who had executed a contract with the straw man for a price of $95,000, the appellant having categorically denied any such knowledge. The Commission resolved the question against defendant, apparently choosing to believe the testimony of Martin Blatt, an attorney who testified that appellant was party to all negotiations and knew he was going to share in the commissions in connection with the second contract. Blatt further testified that he was in fact retained by both the appellant and respondent Feinstein, who was also found guilty of the same charge.
Accordingly, the action of the Commission finding incompetence and unworthiness, and the resultant suspension of license imposed thereunder, is affirmed.