748 A.2d 118 (2000)
329 N.J. Super. 391
In re Appeal of Kent PIPES of Initial Denial of Application.
Superior Court of New Jersey, Appellate Division.
Argued January 10, 2000.
Decided April 3, 2000.
Patrick F. McAndrew, Medford, for appellant Kent Pipes.
*119 Inge R. Nesby Cully, Deputy Attorney General, for respondent New Jersey Real Estate Commission (John J. Farmer, Jr., Attorney General, attorney; Mary C. Jacobson, Assistant Attorney General, of counsel; Ms. Nesby Cully, on the brief).
Before Judges HAVEY, KEEFE and COLLESTER.
The opinion of the court was delivered by COLLESTER, J.A.D.
Appellant Kent Pipes appeals from a final decision of the New Jersey Real Estate Commission denying his application for a license as a real estate broker.
Mr. Pipes has been a licensed real estate salesperson pursuant to the Real Estate License Act, N.J.S.A. 45:15-1 to -29.5, since 1980. From 1990 to the present he has been licensed through Stockwell-Knight Realty Co. in Mt. Holly. On June 19, 1998, he filed an application for a broker's license, noting his employment as Executive Director of Salt and Light Company, Inc., a non-profit corporation, with regular work hours five days a week from 9:00 a.m. to 4:00 p.m. The application form was also filled out by Paul T. Andrews of Stockwell-Knight Realty Co., who stated that Pipes was licensed as a real estate salesperson under his supervision but did not work for forty hours a week in that capacity. The Real Estate Commission denied the application by letter of its Executive Director for the following reason:

N.J.A.C. 11:5-1.3(a) requires employment as a real estate salesperson on a full-time basis under the authority of his or her broker during the hours of approximately 10 a.m. to 8 p.m. on any five days in each week during the three year period immediately preceding application and the absence of any other full-time employment during that time.
Mr. Pipes appealed to the full Real Estate Commission, which heard the matter on September 15, 1998. He testified that he had used his salesperson's license in connection with his position with Salt and Light to assist moderate or low income individuals and families to acquire affordable housing. He was involved in the acquisition and rehabilitation of forty emergency shelters, fifteen rental units and over seventy home ownership units by assisting people with multiple needs to begin the process of attaining self-sufficiency. An ordained minister of the Presbyterian Church and former president of the Affordable Housing Coalition of Burlington County, he participated in other non-profit organizations to assist needy persons to obtain housing in Burlington and Mercer Counties.
Mr. Pipes conceded that he did not work full-time as a real estate sales person and earned no commissions for sale of realty during the three years immediately preceding his application. His role as Executive Director of Salt and Light was not as a salesperson but as a principal selling to buyers. An independent agent licensed with another brokerage represented Salt and Light in various transactions and received a commission.
The full Commission denied appellant's application for approval of experience to qualify for a broker license, setting forth the following reasons:
The Commission concluded that you had not fulfilled the experience requirement to licensure as a New Jersey real estate broker as established at N.J.S.A. 45:15-9 and N.J.A.C. 11:5-1.3. The Commission determined that the evidence presented established that you had not worked on a full-time basis as a real estate salesperson under the authority and direction of the broker through whom you are licensed during the three years immediately preceding your application. The Commission further determined that you had other employment during the time period which exceeded twenty-five hours per week. Based on those findings, the Commission *120 determined to affirm the initial denial of your application. See N.J.S.A. 45:15-9 and N.J.A.C. 11:5-1.3(a).
The qualifications for persons desiring to become real estate brokers are set forth in the Real Estate License Act, N.J.S.A. 45:15-9. Clearly Mr. Pipes meets the educational and good character requirements. The issue on appeal turns on the interpretation of the experience requirement, which provides that
every applicant for a license as broker or broker-salesperson shall at first have been the holder of a New Jersey real estate salesperson's license and have been actively engaged on a full-time basis in the real estate brokerage business in this State for 3 years immediately preceding the date of application ...

[N.J.S.A. 45:15-9.]
The Real Estate Commission promulgated a regulation to implement this provision of the statute, which states that
with the exception of persons licensed as brokers in other states, all applicants for licensure as a broker must have been continually licensed and employed on a full-time basis as a real estate salesperson during the three years immediately preceding their application. Such full-time employment shall be demonstrated by a showing that:
i. The applicant has worked as a salesperson under the authority of the broker(s) with whom they were licensed for at least 40 hours per week and during the hours of approximately 10:00 a.m. to 8:00 p.m.;
ii. Such work in (a)(1)(i) above was performed during any five days in each week of the three year period; and
iii. If the applicant was employed in any other occupation during the three year period, such other employment was on a part-time basis and did not exceed 25 hours per calendar week.

[N.J.A.C. 11:5-3.8(a)(1)(i)-(iii).]
The Commission also provided the following commentary relating to its implementation of the apprenticeship requirements of "full-time" employment:
[A] thorough apprenticeship requires a degree of commitment to learning: evening, weekend or vacation work as a salesperson is insufficient to immerse the applicant in all phases of the business necessary to serve the public primarily as a broker.
....
By providing clear notice of licensure requirements prospective applicants who are not presently employed in a manner consistent with the rule's full-time employment criteria will have the opportunity to modify their employment arrangements to achieve compliance. Those individuals who cannot fulfill the full-time employment requirement may avoid unnecessarily expending the time and effort needed to meet the other license qualifications.
N.J.R. 1782(a) (September 8, 1986).]
There is no dispute that appellant does not meet the experience requirement as set forth in the regulation of the Real Estate Commission. He contends that the decision of the Commission to follow its regulation and not to accept his work experience in lieu of the requirements of the regulation was arbitrary, capricious and unreasonable. Alternatively, he argues that the regulation conflicts with the statutory purpose of N.J.S.A. 45:15-9 by setting forth a "time lock" requirement into the statutory mandate that a salesperson must be "actively engaged on a full-time basis in the real estate brokerage business."
It is well-settled that the legislature may set forth its public policy concerns in broad language, leaving detailed implementation of a regulating statute to the administrative agency established for that purpose. Matter of Kallen, 92 N.J. 14, 20, 455 A.2d 460 (1983); Cammarata v. Essex County Park Comm'n, 26 N.J. 404, 410, 140 A.2d 397 (1958). As stated by the Supreme Court in Bergen Pines Hosp. v. *121 Dept. of Human Services, 96 N.J. 456, 474, 476 A.2d 784 (1984), the basic purpose of establishing agencies to consider and promulgate rules is to delegate primary authority of implementing policy in a specialized area for governmental bodies with staff, resources and expertise to understand and solve those specialized problems.
Judicial review of administrative rule making recognizes that an agency's expertise is entitled to great respect. We cannot substitute our judgment for that of the agency. In re Polk, 90 N.J. 550, 578, 449 A.2d 7 (1982). Rules promulgated by administrative agencies are afforded a strong presumption of reasonableness if they are within the ambit of delegated authority. Newark v. Natural Resource Council Dep't Envtl. Protection, 82 N.J. 530, 539, 414 A.2d 1304, cert. denied, 449 U.S. 983, 101 S.Ct. 400, 66 L.Ed.2d 245 (1980); In re Producer Assignment Program, 261 N.J.Super. 292, 303, 618 A.2d 894 (App. Div.), certif. denied, 133 N.J. 438, 627 A.2d 1144 (1993).
The business of a real estate broker is affected with a public interest. Ellsworth Dobbs v. Johnson, 50 N.J. 528, 562, 236 A.2d 843 (1967). In a valid exercise of police power the legislature enacted the Real Estate License Act as a regulatory measure to serve the purpose of protecting the public from fraud, misinterpretation, incompetence and unethical practices. Id. at 553, 236 A.2d 843. Industries affected with a public interest are subject to comprehensive regulation to protect the public. State Farm v. State, 124 N.J. 32, 45-47, 590 A.2d 191 (1991); In re Producer Assignment Program, supra, 261 N.J.Super. at 303, 618 A.2d 894. Therefore, a heavy burden is imposed upon those who challenge the validity of a regulation such as the one at bar. Petitioner must prove that the regulation is arbitrary, unreasonable or non-compliant with the legislative mandate. In re Adoption of N.J.A.C. 7:26B, 128 N.J. 442, 449, 608 A.2d 288 (1992); N.J. Ass'n of Health Care Facilities v. Finley, 83 N.J. 67, 80, 415 A.2d 1147 (1980).
The obvious purpose of the Commission's regulation, N.J.A.C. 11:53.8(a), requiring an applicant to be "actively engaged on a full-time basis in the real estate brokerage business" is to ensure that real estate brokers possess experience not only in the sale and lease of real estate but also in the day-to-day operation of the brokerage business such as the management of fiduciary accounts, drafting of contracts, interaction with financial institutions and other professionals including supervision of real estate salespersons. See 18 N.J.R. 1782(a), supra. In an industry in which many salespersons work part-time or primarily on weekends, the subject regulation is a recognition that a full-time commitment to the real estate brokerage business insures greater protection to the public. Viewed in this light the regulation is a reasonable, valid and authorized implementation of the statutory purpose of the Real Estate License Act.
Affirmed.