**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1544-17T1

ZVI E. SELLA,

      Complainant-Appellant,

v.

NEW JERSEY REAL
ESTATE COMMISSION,

      Respondent-Respondent.

_____

         Submitted April 4, 2019 – Decided April 18, 2019

         Before Judges Simonelli and Whipple.

         On appeal from the New Jersey Real Estate Commission, Department of Banking and Insurance.

         Zvi E. Sella, appellant pro se.

         Gurbir S. Grewal, Attorney General, attorney for respondent (Melissa H. Raksa, Assistant Attorney General, of counsel; Brian R. Fitzgerald, Deputy Attorney General, on the brief).

PER CURIAM

Appellant Zvi E. Sella appeals from the October 12, 2017 final decision of respondent Department of Banking and Insurance (Department) affirming the September 18, 2017 decision of the Real Estate Commission (Commission) denying Sella's application to reinstate his real estate salesperson's license. We affirm.

Sella's salesperson's license expired June 30, 2013. On July 5, 2017, he applied to the Department to reinstate his license. On July 10, 2017, the Director denied the application as out of time under N.J.S.A. 45:15-9. The Director notified Sella that if he appealed to the Commission, he must demonstrate the lack of prejudice to the Commission, the series of steps he took to comply with the statute, the absence of any negligence or wrongdoing by him that contributed to his failure to strictly comply, and a reasonable explanation why there was not strict compliance.

Sella appealed to the Commission, claiming that he went to Israel in 2011 where he suffered serious medical problems and was involved in a car accident in 2012, which rendered him medically unable to timely reinstate his license. He submitted purported medical records; however, the documents were written in Hebrew and Sella provided no English translation. He also submitted medical

records written in English, but they evidenced medical treatment he received in 2017.

In a September 18, 2017 written decision, the Commission denied Sella's appeal. The Commission found:

> Sella does not dispute the factual basis for the denial. His explanation is that he suffered serious health issues, starting in 2012 while visiting Israel, which prevented him from being able to reinstate his license . . . . Sella was also involved in a car accident during treatment of his ailments, further compromising his health status.

The Commission stated it is prejudiced when a licensee fails to timely submit their license application and, while it was sympathetic to Sella's situation, he had not completed any continuing education hours required since 2011, and had not met the requirements for reinstatement. In an October 12, 2017 written decision, the Department affirmed the Commission's decision. This appeal followed.

From what we can discern from Sella's pro se merits brief, he contends the Commission ignored the extent of his medical problems, his medical problems prevented his completing the continuing education hours, he is a seasoned real estate professional, and he made a sufficient showing that he was medically unable to timely reinstate his license. He also contends he

demonstrated the lack of prejudice to the Commission, the series of steps he took to comply with N.J.S.A. 45:15-9(e), the absence of any negligence or wrongdoing by him that contributed to his failure to strictly comply, and gave a reasonable explanation why he did not strictly comply with the statute.

"The scope of review in a case involving an appeal from the New Jersey Real Estate Commission is the same as that for other administrative agencies[.]" Morgan v. Saslaff, 123 N.J. Super. 35, 38 (App. Div. 1973). "[We] have 'a limited role' in the review of [agency] decisions." In re Stallworth, 208 N.J. 182, 194 (2011) (quoting Henry v. Rahway State Prison, 81 N.J. 571, 579 (1980)). "[A] 'strong presumption of reasonableness attaches to [an agency decision].'" In re Carroll, 339 N.J. Super. 429, 437 (App. Div. 2001) (quoting In re Vey, 272 N.J. Super. 199, 205 (App. Div. 1993)). "In order to reverse an agency's judgment, [we] must find the agency's decision to be 'arbitrary, capricious, or unreasonable, or . . . not supported by substantial credible evidence in the record as a whole.'" Stallworth, 208 N.J. at 194 (quoting Henry, 81 N.J. at 579-80). Our Supreme Court has held:

> In determining whether agency action is arbitrary, capricious, or unreasonable, [we] must examine:
>
> (1) whether the agency's action violates express or implied legislative policies, that is, did the agency follow the law; (2)

> whether the record contains substantial evidence to support the findings on which the agency based its action; and (3) whether in applying the legislative policies to the facts, the agency clearly erred in reaching a conclusion that could not reasonably have been made on a showing of the relevant factors.

> [Id. at 194 (quoting In re Carter, 191 N.J. 474, 482-83 (2007)).]

We "may not substitute [our] own judgment for the agency's, even though [we] might have reached a different result." Ibid. (quoting Carter, 191 N.J. at 483). "This is particularly true when the issue under review is directed to the agency's special 'expertise and superior knowledge of a particular field.'" Id. at 195 (quoting In re Herrmann, 192 N.J. 19, 28 (2007)). Furthermore, "[i]t is settled that '[a]n administrative agency's interpretation of statutes and regulations within its implementing and enforcing responsibility is ordinarily entitled to our deference.'" E.S v. Div. of Med. Assistance & Health Servs., 412 N.J. Super. 340, 355 (App. Div. 2010) (second alteration in original) (quoting Wnuck v. N.J. Div. of Motor Vehicles, 337 N.J. Super. 52, 56 (App. Div. 2001)). "Nevertheless, 'we are not bound by the agency's legal opinions.'" A.B. v. Div. of Med. Assistance & Health Servs., 407 N.J. Super. 330, 340 (App. Div. 2009) (quoting Levine v. State Dep't of Transp., 338 N.J. Super. 28, 32 (App. Div.

2001). "Statutory and regulatory construction is a purely legal issue subject to de novo review." Ibid. Applying the above standards, we discern no reason to reverse.

The statutory provisions for reinstatement of a salesperson's license are mandatory. A person holding a salesperson's license who fails "to maintain or renew such license or obtain a new license for a period of two consecutive years or more after the expiration of the last license held . . . shall . . . attend a licensed school and pass the State examination prior to issuance of a further license." N.J.S.A. 45:15-9(e). "The [C]ommission may, in its discretion, approve for relicensure a salesperson applicant . . . who has not renewed his license or obtained a new license for two or more consecutive years upon a sufficient showing that the applicant was medically unable to do so." Ibid. However, if approved, the salesperson "shall pass the salesperson's license examination and . . . complete the continuing education requirements applicable to salesperson licensees in the preceding licensure term prior to being relicensed." Ibid.

To qualify for the examination, the salesperson must "give evidence of satisfactory completion of [seventy-five] hours in the aggregate of such courses of education in real estate subjects at a school licensed by the [C]ommission as the [C]ommission shall by regulation prescribe." N.J.S.A. 45:15-10.1(a). "At

least three hours of that course of study shall be on the subject of ethics and ethical conduct in the profession of a real estate salesperson." Ibid.

In addition, a salesperson "as a condition of biennial license renewal pursuant to [N.J.S.A.] 45:15-10 . . . [shall] complete not more than [sixteen] hours of continuing education requirements imposed by the [C]ommission pursuant to this section and [N.J.S.A. 45:15-16.2a through N.J.S.A. 45:15-16.2f.]" N.J.S.A. 45:15-16.2a(a).

Sella had to reinstate his salesperson's license by June 30, 2015. He did not seek reinstatement until July 5, 2017, over two years later. Accordingly, prior to reinstatement, he had to attend a licensed school and pass the State examination prior to issuance of a further license. N.J.S.A. 45:15-9(e). Even if the Commission had approved Sella's relicensure, prior to reinstatement he had to pass the salesperson's license examination and complete the continuing education requirements applicable to salesperson licensees in the preceding licensure term prior to being relicensed. Ibid. To qualify for the examination, Sella had to complete seventy-five hours in the aggregate of such courses of education in real estate subjects at a school licensed by the Commission. N.J.S.A. 45:15-10.1(a). He further had to complete not more than sixteen hours of continuing education requirements imposed by the Commission. N.J.S.A.

45:15-16.2a(a). Sella did not satisfy any of these mandatory requirements. His years of experience as a real estate salesperson provide no exemption. See Graham v. N.J. Real Estate Comm'n, 217 N.J. Super. 130, 137 (App. Div. 1987) (noting that the Legislature amended N.J.S.A. 45:15-9 in 1983 as part of a "comprehensive legislative plan designed to assure the public that real estate licensees" are knowledgeable in the current real estate laws and industry trends).

Sella also did not make a sufficient showing that he was medically unable to apply for reinstatement timely. His medical problems occurred in 2012. There is no evidence he was medically unable to apply for reinstatement during the two years following the expiration of his license, i.e., from June 30, 2013 to June 30, 2015. None of Sella's medical records are dated between those dates. Contrary to Sella's argument, the Commission considered his medical problems, but properly concluded he failed to make a sufficient showing that he was medically unable to apply for reinstatement of his salesperson's license during the relevant time-period.

We are satisfied there is sufficient credible evidence in the record as a whole supporting the Commission's decision, Rule 2:11-3(e)(1)(D), and the decision is not arbitrary, capricious, or unreasonable. To the extent we have not specifically addressed any of appellant's arguments, we conclude they are

without sufficient merit to warrant discussion in a written opinion.  R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION