**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2488-22

IN RE DENIAL OF THE
APPLICATION FOR
LICENSURE AS A REAL
ESTATE SALESPERSON
SUBMITTED BY MARTA
CUNHA-CORCORAN.

_____

Submitted July 9, 2024 – Decided July 16, 2024

Before Judges Natali and Smith.

On appeal from the New Jersey Real Estate Commission, Department of Banking and Insurance.

Tonacchio, Spina & Compitello, attorneys for appellant Marta Cunha-Corcoran (Joseph Compitello, on the brief).

Matthew J. Platkin, Attorney General, attorney for respondent New Jersey Real Estate Commission (Sara M. Gregory, Assistant Attorney General, of counsel; Dakar Ross, Deputy Attorney General, on the brief).

PER CURIAM

Appellant Marta Cunha-Corcoran appeals from the March 13, 2023 final decision of the New Jersey Real Estate Commission (Commission) denying her

application for a real estate salesperson's license. The Commission determined appellant failed to demonstrate the good moral character required under N.J.S.A. 45:15-9(a) of the New Jersey Real Estate License Act, N.J.S.A. 45:15-1 to -29-5, because she made intentional misrepresentations in her licensure application, and was previously convicted of theft by deception. The Commission also precluded appellant from re-applying for a five-year period. We affirm.

I.

On July 17, 2017, appellant pled guilty to third-degree theft by deception contrary to N.J.S.A. 2C:20-4. At her plea hearing, she admitted that between July and November 2015, while employed as a licensed insurance producer, she submitted seven false applications for life insurance policies and participated in fraudulent interviews in order to ensure approval of the applications and to improperly obtain commissions. She also admitted to appropriating the applicants' personal information without their authorization.

Appellant was subsequently sentenced to a two-year non-custodial probationary term and assessed appropriate penalties. She later entered a consent order with the New Jersey Department of Banking and Insurance (Department) wherein she admitted to submitting false applications, impersonating the applicants, unlawfully accepting commissions, and failing to

A-2488-22

report her 2017 conviction to the Department. Based on those admissions, appellant and the Department agreed her conduct violated both the New Jersey Insurance Producer Licensing Act, N.J.S.A. 17:22A-26 to -48, and the New Jersey Insurance Fraud Prevention Act, N.J.S.A. 17:33A-1 to -30. The Department imposed appropriate fines, revoked appellant's producer's license, and barred her from seeking reinstatement for five years.

Appellant subsequently passed the licensing exam to become a real estate salesperson and applied for a real estate salesperson license. In her application, appellant falsely stated she had never been "convicted of a crime, misdemeanor, or disorderly persons offense in the state of New Jersey, any other state or by the federal government." In a separate question, she also falsely responded she never had a "professional license, certification or similar credential revoked, suspended, surrendered in lieu of formal prosecution, or denied in New Jersey or any other state." Appellant also inaccurately certified that her responses were true, and she had informed the Commission of any prior license revocations or convictions.

During a routine investigation of appellant's background, Commission staff learned of her prior conviction. The Commission accordingly directed appellant to submit additional documentation and after further investigation,

3

denied her application. The Commission informed appellant that her prior conviction rendered her ineligible for a real estate salesperson license, and she also failed to establish good moral character as required under N.J.S.A. 45:15-9(a).

Appellant filed an administrative appeal of the Commission's decision. The Commission conducted a plenary hearing where it considered the testimony of an investigator and appellant. The Commission investigator detailed appellant's criminal history, the subsequent enforcement action resulting in the revocation of her insurance producer's license, and the entry of a money judgment against appellant because she failed to satisfy the payment terms detailed in the consent order. The investigator also detailed appellant's false responses in her application.

For her part, appellant acknowledged she falsely responded to questions in her application but explained she did so because she was "embarrassed" by her prior conduct. She provided further detail regarding her personal circumstances at the time she engaged in the criminal conduct at issue but nevertheless admitted to accepting in excess of $6,000 in fraudulent commissions, which she returned only after the fraud was discovered by

4

authorities. Appellant also confirmed she was convicted of theft by deception as a result of her actions.

In a unanimous vote, the Commission affirmed the denial of appellant's application for a real estate salesperson license under N.J.S.A. 45:15-9(a). It found that appellant failed to establish the "requisite honesty, trustworthiness, character and integrity" for licensure, and concluded her criminal conduct and subsequent conviction disqualified her for a salesperson license under N.J.S.A. 45:1-21.5, and the Rehabilitated Convicted Offenders Act (RCOA), N.J.S.A. 2A:168A-2, as her actions directly related to her capacity and fitness to serve as a real estate salesperson.

The Commission also precluded appellant from reapplying for a license for five years, "when additional evidence of rehabilitation may be considered." It based its decision on numerous aggravating factors, including her conviction and the underlying facts in which she used her clients' confidential information, data which would be available to her as a real estate salesperson, as well as her failure to show contrition.

The Commission also characterized appellant's testimony as "disingenuous." On this point, the Commission specifically noted appellant failed to demonstrate "self-awareness," as she: 1) refused to concede her prior

5

conduct was fraudulent; 2) characterized her receipt of fraudulent commissions as "nothing major"; 3) claimed her fraudulent conduct was really an effort to assist her clients with obtaining approvals of their policy applications and translate for non-English speaking clients; and 4) refuted the admissions made in her plea allocution.

Finally, the Commission noted appellant admitted she lied intentionally in her application and characterized her explanation that she was "embarrassed" as unacceptable. It also found she failed to engage in any rehabilitative efforts and noted she failed to pay in full the assessed civil fine required by the consent order.

## II.

In her only point before us, appellant argues the sanctions imposed by the Commission are so disproportionate to the offense, in light of the circumstances, as to shock one's sense of fairness. Specifically, she relies on In re License Issued to Zahl, 186 N.J. 341, 354 (2006), and contends the Commission's decision barring her from applying for licensure for five years is "not warranted."

Appellant acknowledges she "intentionally lied" when she failed to disclose her criminal conviction for theft by deception and the revocation of her

6

insurance producer's license to the Commission. She argues, however, as she "explained at her hearing she was embarrassed" to provide such information and "felt that the . . . Commission already had knowledge of these events" as the Real Estate Commission was under the purview of the Department, the entity that revoked her insurance producer's license.

Additionally, appellant explains she was aware the Commission would conduct a background investigation and discover her conviction and license revocation, and, as such, contends she was "not attempting to deceive the commission or be untruthful as she [k]new these issues would come to light." Appellant argues, under such circumstances, her behavior does not warrant a five-year application ban. We are not persuaded by any of these arguments.

"The scope of review in a case involving an appeal from the New Jersey Real Estate Commission is the same as that for other administrative agencies . . . ." Morgan v. Saslaff, 123 N.J. Super. 35, 38 (App. Div. 1973). "[We] have 'a limited role' in the review of [agency] decisions." In re Stallworth, 208 N.J. 182, 194 (2011) (quoting Henry v. Rahway State Prison, 81 N.J. 571, 579 (1980)). "[A] 'strong presumption of reasonableness attaches to the actions of the administrative agencies.'" Zilberberg v. Bd. of Trs., Tchrs' Pension & Annuity Fund, 468 N.J. Super. 504, 509 (App. Div. 2021) (alteration in original)

(quoting In re Carroll, 339 N.J. Super. 429, 437 (App. Div. 2001)). We decline to disturb an agency's decision "unless there is a clear showing that it is arbitrary, capricious, or unreasonable, or that it lacks fair support in the record." Seago v. Bd. of Trs., Tchrs' Pension & Annuity Fund, 257 N.J. 381, 391 (2024) (quoting Allstars Auto Grp., Inc. v. N.J. Motor Vehicle Comm'n, 234 N.J. 150, 157 (2018)).

In determining whether agency action is arbitrary, capricious, or unreasonable, we must examine:

> (1) whether the agency's action violates express or implied legislative policies, that is, did the agency follow the law; (2) whether the record contains substantial evidence to support the findings on which the agency based its action; and (3) whether in applying the legislative policies to the facts, the agency clearly erred in reaching a conclusion that could not reasonably have been made on a showing of the relevant factors.
>
> [Stallworth, 208 N.J. at 194 (quoting In re Carter, 191 N.J. 474, 482-83 (2007)).]

We "may not substitute [our] own judgment for the agency's, even though [we] might have reached a different result." Ibid. (quoting Carter, 191 N.J. at 483). "This is particularly true when the issue under review is directed to the agency's special 'expertise and superior knowledge of a particular field.'" Id. at 195 (quoting In re Herrmann, 192 N.J. 19, 28 (2007)). Furthermore, it is well-

settled that "an 'agency's interpretation of statutes and regulations within its implementing and enforcing responsibility is ordinarily entitled to' deference." In re Protest of Contract Award for Project A1150-08, 466 N.J. Super. 244, 259 (App. Div. 2021) (quoting E.S v. Div. of Med. Assistance & Health Servs., 412 N.J. Super. 340, 355 (App. Div. 2010)).

Nevertheless, "we are not bound by the agency's legal opinions." N.J. Div. of Child Prot. & Permanency v. V.E., 448 N.J. Super. 374, 391 (App. Div. 2017) (quoting Levine v. State Dep't of Transp., 338 N.J. Super. 28, 32 (App. Div. 2001)). "Statutory and regulatory construction is a purely legal issue subject to de novo review." A.B. v. Div. of Med. Assistance & Health Servs., 407 N.J. Super. 330, 340 (App. Div. 2009).

Moreover, an agency has "broad discretion in determining the sanctions to be imposed for a violation of the legislation it is charged with administering." In re Scioscia, 216 N.J. Super. 644, 660 (App. Div. 1987). Correspondingly, we have limited "review of an agency's choice of sanction." Zimmerman v. Diviney, 477 N.J. Super. 1, 21 (App. Div. 2023) (quoting Zahl, 186 N.J. at 353). The appropriate test for reversal is "whether such punishment is so disproportionate to the offense, in light of all the circumstances, as to be

shocking to one's sense of fairness." Ibid. (quoting In re Polk, 90 N.J. 550, 578 (1982)).

Real estate licensees are "fiduciaries" and the Real Estate License Act "serves a strong public policy of the State." Graham v. N.J. Real Est. Comm'n, 217 N.J. Super. 130, 138 (App. Div. 1987). N.J.S.A. 45:15-17(e) was designed "to create and maintain a commission to scrutinize in general and with care the character, competency, and integrity of license applicants and license holders to the end that in the interest of the public welfare, incompetent, unworthy and unscrupulous persons would be excluded from the real estate brokerage business." Div. of N. J. Real Est. Comm'n v. Ponsi, 39 N.J. Super. 526, 532-533 (App. Div. 1956). Further, the Commission is charged "with the high responsibility of maintaining ethical standards among real estate brokers and sales[people]," Goodley v. N.J. Real Est. Comm'n, 29 N.J. Super. 178, 182 (App. Div. 1954), as well as "protecting the public from fraud, misinterpretation, incompetence and unethical practices," In re Pipes, 329 N.J. Super. 391, 397 (App. Div. 2000).

A real estate licensee is subject to suspension, revocation, or probation for "[a]ny conduct which demonstrates unworthiness, incompetency, bad faith, or dishonesty." N.J.S.A. 45:15-17(e). Similarly, the Commission "may, in its

10

discretion, refuse to grant or reinstate any license upon sufficient cause being shown." N.J.S.A. 45:15-15.

Under N.J.S.A. 45:1-21.5, a state board of registration and examination such as the Commission cannot disqualify an applicant based upon a criminal conviction "unless the crime or offense has a direct or substantial relationship to the activity regulated by the entity or is of a nature such that . . . licensure of the person would be inconsistent with the public's health, safety, or welfare." N.J.S.A. 45:1-21.5. In making such a determination, the Commission must consider the following factors: (1) "the nature and seriousness of the crime" and the time elapsed since its commission; (2) "the relationship of the crime . . . to the purposes of regulating the profession or occupation regulated by the entity"; (3) "any evidence of rehabilitation of the person" since the conviction; and (4) "the relationship of the crime . . . to the ability, capacity, and fitness required to perform the duties and discharge the responsibilities of the profession or occupation regulated by the entity." N.J.S.A. 45:1-21.5(a). The RCOA, which applies more generally to all "State, county or municipal department[s], board[s], officer[s] or agenc[ies]," largely tracks the requirements of this provision. N.J.S.A. 2A:168A-2.

Applying the above standards, we discern no reason to reverse the Commission's conclusion appellant lacked the moral character to hold a real estate license and barring her reapplication for five years. The Commission properly considered the evidence before it and made the appropriate findings required by N.J.S.A. 45:15-15 in its decision. Its decision to prohibit appellant from seeking licensure for five years was not unreasonable as it was based on the unrefuted facts in the record establishing appellant engaged in fraudulent conduct for pecuniary gain and used her client's confidential information without their authorization, resulting in her theft conviction.

The Commission also found appellant lacked contrition based on her intentional misrepresentations on her application regarding her past conduct and her testimony before the Commission where she minimized her prior actions. We are satisfied there is sufficient credible evidence in the record as a whole supporting the Commission's decision, Rule 2:11-3(e)(1)(D), and the decision is not arbitrary, capricious, or unreasonable.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

12

A-2488-22